UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER-JASON HELFRICH,

Plaintiff,

v.

OFFICE OF THE GOVERNOR OF
CALIFORNIA, et al.,

Defendants.

No.  2:25-cv-3459 DAD AC PS

ORDER and

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed with IFP status (ECF No. 2) will therefore be granted. Plaintiff also filed a motion to e-file (ECF No. 3), which will be denied because it does not indicate that plaintiff has an email address or regular access to a computer.

**I.  Screening**

A.     Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

1

claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

The complaint is captioned "Article III Common Law Complaint," and asserts jurisdiction on the basis of "Article III judicial power, the four organic laws, natural law, and common law."

2

ECF No 1 at 1-2.  Plaintiff brings suit against the Office of the Governor of California; the Director of Caltrans; the Commissioner of the California Highway Patrol; all County and City officials within the state of California; the Office of the President; Donald J. Trump individually; the U.S. Attorney General; the Secretary of Health and Human Services; and all agents, officers, contractors, and participants enforcing anti-homelessness policies, ordinances, or executive orders.  Id. at 1.

Plaintiff alleges he is on a fixed Social Security Disability Income, which is insufficient to secure lawful shelter in California, rendering him involuntarily homeless.  Id. at 2.  California and local officials actively enforce anti-camping and anti-homelessness laws, and federal policies under Donald J. Trump have included pressure to criminalize homeless encampments.  Id. Plaintiff has been repeatedly displaced, threatened, or placed in fear of imminent enforcement and loss of property.  Id.  Plaintiff asserts five putative claims for relief: (1) violation of natural rights (common law tort law), (2) abuse of office/maladministration, (3) constructive fraud and coercion, (4) negligence and gross negligence, and (5) declaratory judgment.  Id. at 3.  Plaintiff seeks a declaration that "criminalizing homelessness violates natural rights and exceeds lawful authority."  Id.  He also seeks compensatory damages and injunctive relief.  Id. at 4.

C.  Analysis

This complaint must be dismissed without prejudice for lack of jurisdiction and/or failure to state a claim.  "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).  A case "arises under" federal law for jurisdictional purposes either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction

3

Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

It is clear from the face of the complaint that diversity jurisdiction is unavailable, as plaintiff and several defendants are residents of California. Neither does there appear to be a proper basis for federal question jurisdiction, as none of the putative claims are based on any federal statute or alleged violation of federal constitutional rights. Plaintiff invokes the court's Article III authority, ECF No. 1 at 1, but Article III does not confer jurisdiction where statutory requirements are not satisfied. Neither does federal jurisdiction lie on the basis of "the four organic laws, natural law [or] common law." Id. Federal question jurisdiction requires a federal cause of action: one authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. See Baker v. Carr, 369 U.S. 186, 198 (1962).

The complaint presents no cognizable claim for relief that is based in federal law. "Violation of Natural Rights" is not a cognizable federal claim. The other legal language that plaintiff utilizes in framing his claims—such as common law tort, fraud, and negligence—sounds in state law rather than federal law. Plaintiff's broad grievances about housing costs and the impacts of state and federal policies related to homelessness are entirely understandable, but grievances about policies and enforcement activities are not the same thing as causes of action. The complaint contains none, and its contents do not indicate that a federal claim is available.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above and the contents of the complaint, the undersigned finds that leave to amend would be futile and should therefore not be granted.

////

### III.  Pro Se Plaintiff's Summary

Your request to proceed with IFP status is granted and you will not be required to pay the filing fee.  Your request to e-file is denied because the court cannot tell from your motion whether you have regular access to a computer or an email address.

The Magistrate Judge is recommending that your case be dismissed because there is no federal jurisdiction to hear this case.  You may object to this recommendation within 21 days, if you wish to do so.  The District Judge will make the final decision.

### IV.  Conclusion

The undersigned hereby ORDERS that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED and his motion to e-file (ECF No. 3) is DENIED.

It is further RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without prejudice and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE